1  REX B. STRATTON, WSBA No. 1913
   STRATTON LAW & MEDIATION P.S.
2  18826 Robinwood Road SW
   P.O. Box 636
3  Vashon, Washington 98070
   Telephone:  206-408-7368
4  Facsimile:  206-260-3816
   (Pro Hac Vice)
5
   *Attorneys for Plaintiff and Counter-Defendants*
6  EAKIN ENTERPRISES, INC.
   JOHN W. EAKIN
7
   MARK D. MILLER, Ca. Bar No. 116349
8  MARCUS N. DiBUDUO, Ca. Bar No. 258684
   SIERRA IP LAW PC
9  6780 N. West Avenue, Suite 102
   Fresno, CA  93711
10 Telephone: 559-436-3800
   Facsimile: 559-436-4800
11
   *Attorneys for Defendant*
12 SPECIALTY SALES LLC

13             **UNITED STATES DISTRICT COURT**
      **EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION**
14
                        * * *
15

| | |
|---|---|
| 16 Eakin Enterprises, Inc., a Washington Corporation | Case No.  1:11-cv-02008-LJO-SKO |
| 17 *Plaintiff*, | **STIPULATION AND ORDER REGARDING E-DISCOVERY** |
| 18    v. | |
| 19 Specialty Sales, LLC, a California limited | |
| 20 liability company | |
|    *Defendant*. | |
| 21 | |
| 22 Specialty Sales, LLC, a California limited liability company | |
| 23    *Counter-Plaintiff,* | |
| 24    v. | |
| 25 Eakin Enterprises, Inc., a Washington corporation, and John W. Eakin, an | |
| 26 individual | |
| 27    *Counter-Defendants*. | |
| 28 | |

1    WHEREAS, the parties, through their respective counsel have met and discussed the

2 topics required by Federal Rule of Civil Procedure 26 and the Order Setting Mandatory

3 Scheduling Conference in this case; and

4    WHEREAS, the parties have agreed to streamline production pertaining to Electronically

5 Stored Information.

6    NOW THEREFORE, the parties, through their respective counsel, hereby agree to entry

7 of the following Stipulation and Order regarding E-Discovery:

8

9    1.    This Stipulation and Order supplements all other discovery rules and orders.  It

10 streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and

11 inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

12    2.    This Stipulation and Order may be modified in the Court's discretion or by

13 agreement of the parties. The parties shall jointly submit any proposed modifications within 30

14 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their

15 disagreements regarding these modifications, the parties shall submit their competing proposals

16 and a summary of their dispute.

17    3.    Costs will be shifted for disproportionate ESI production requests pursuant to

18 Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery

19 tactics will be cost-shifting considerations.

20    4.    A party's meaningful compliance with this Stipulation and Order and efforts to

21 promote efficiency and reduce costs will be considered in cost-shifting determinations.

22    5.    Absent a showing of good cause, general ESI production requests under Federal

23 Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of

24 this Court, shall not include metadata. However, fields showing the date and time that the

25 document was sent and received, as well as the complete distribution list, shall generally be

26 included in the production if such fields exist.

27    6.    Absent agreement of the parties or further order of this Court, the following

28 parameters shall apply to ESI production:

A.     General Document Format. Each electronic document shall be produced in multiple-page Portable Document Format ("PDF") format. PDF files shall have a resolution of 300 DPI. If readily available to the producing party, all PDF files shall conform to the PDF/A standardized version, but in all cases PDF files shall be self contained (including all content, fonts, and color information).  All PDF files shall be named with a unique production number followed by the appropriate file extension. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B.     Text-Searchable Documents. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, or if making the production text-searchable is readily available and convenient to the producing party, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C.     Footer. Each page of every document shall contain a footer with a sequentially ascending production number.

D.     Native Files. Absent a showing of good cause, no party need produce a document in its native format to comply with its discovery obligations in the present case or to comply with a mandatory disclosure requirement of this Court.  However, a party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format including a showing of why the document needs to be provided in its native format.

E.     No Backup Restoration Required. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

1    F.    Voice-mail and Mobile Devices. Absent a showing of good cause, voice-

2    mails, PDAs and mobile phones, and the information stored thereon are deemed not

3    reasonably accessible and need not be collected and preserved.

4    7.    General ESI production requests under Federal Rules of Civil Procedure 34 and

5    45, or compliance with a mandatory disclosure requirement of this Court, shall not include email,

6    facsimile, or other forms of electronic correspondence (collectively "email"). To obtain email

7    parties must propound specific email production requests.

8    8.    Email production requests shall only be propounded for specific issues, rather

9    than general discovery of a product or business.

10    9.    Email production requests shall be phased to occur after the parties have

11    exchanged initial disclosures, a specific listing of likely email custodians in view of the pleaded

12    claims and defenses, infringement contentions and accompanying documents, invalidity

13    contentions and accompanying documents, and preliminary information relevant to damages, the

14    exchange of which shall occur at the relevant times as required under the Federal Rules of Civil

15    Procedure, Local Rules, by order of the Court, or by agreement of the parties. While this

16    provision does not require the production of such information, the Court encourages prompt and

17    early production of this information to promote efficient and economical streamlining of the

18    case.

19    10.    Email production requests shall identify the custodian, search terms, and time

20    frame. The parties shall cooperate to identify the proper custodians, proper search terms and

21    proper timeframe.

22    11.    Each requesting party shall limit its email production requests to a total of five

23    custodians per producing party for all such requests. The parties may jointly agree to modify this

24    limit without the Court's leave. The Court shall consider contested requests for additional or

25    fewer custodians per producing party, upon showing a distinct need based on the size,

26    complexity, and issues of this specific case. Should a party serve email production requests for

27    additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant

28

1  to this paragraph, the requesting party shall bear all reasonable costs caused by such additional

2  discovery.

3         12.     Each requesting party shall limit its email production requests to a total of five

4  search terms per custodian per party. The parties may jointly agree to modify this limit without

5  the Court's leave. The Court shall consider contested requests for additional or fewer search

6  terms per custodian, upon showing a distinct need based on the size, complexity, and issues of

7  this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate

8  terms, such as the producing company's name or its product name, are inappropriate unless

9  combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A

10  conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows

11  the search and shall count as a single search term. A disjunctive combination of multiple words

12  or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase

13  shall count as a separate search term unless they are variants of the same word. Use of narrowing

14  search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be

15  considered when determining whether to shift costs for disproportionate discovery. Should a

16  party serve email production requests with search terms beyond the limits agreed to by the

17  parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all

18  reasonable costs caused by such additional discovery.

19         13.     Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a

20  privileged or work product protected ESI is not a waiver in the pending case or in any other

21  federal or state proceeding.

22         14.     The mere production of ESI in a litigation as part of a mass production shall not

23  itself constitute a waiver for any purpose.

24         15.     Except as expressly stated, nothing in this Stipulation and Order affects the

25  parties' discovery obligations under the Federal or Local Rules.

26

27

28

1

2    Dated:  April 10, 2012                          STRATTON LAW & MEDIATION P.S.

3                                                    By  /s/ Rex B. Stratton
                                                         Rex B. Stratton
4                                                        *Attorneys for Plaintiff/Counter-Defendants*
                                                         Eakin Enterprises, Inc. and John W. Eakin
5

6    Dated: April 10, 2012                           SIERRA IP LAW, PC

7                                                    By  /s/ Mark D. Miller
                                                         Mark D. Miller
8                                                        *Attorneys for Defendant/Counter-Plaintiff*
                                                         SPECIALTY SALES LLC
9

10
                                                        **ORDER**
11

12   IT IS SO ORDERED.

13
         Dated:   **April 16, 2012**                          **/s/ Sheila K. Oberto**
14                                                   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28