REX B. STRATTON, WSBA No. 1913
STRATTON LAW & MEDIATION P.S.
18826 Robinwood Road SW
P.O. Box 636
Vashon, Washington 98070
Telephone:  206-408-7368
Facsimile:  206-260-3816
(Pro Hac Vice)

*Attorneys for Plaintiff and Counter-Defendants*
EAKIN ENTERPRISES, INC.
JOHN W. EAKIN

MARK D. MILLER, Ca. Bar No. 116349
MARCUS N. DiBUDUO, Ca. Bar No. 258684
SIERRA IP LAW PC
6780 N. West Avenue, Suite 102
Fresno, CA  93711
Telephone: 559-436-3800
Facsimile: 559-436-4800

*Attorneys for Defendant*
SPECIALTY SALES LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION**

* * *

| | |
|---|---|
| Eakin Enterprises, Inc., a Washington Corporation<br><br>*Plaintiff*,<br><br>v.<br><br>Specialty Sales, LLC, a California limited liability company<br><br>*Defendant*. | Case No.  1:11-cv-02008-LJO-SKO<br><br>**STIPULATION AND ORDER REGARDING E-DISCOVERY** |
| Specialty Sales, LLC, a California limited liability company<br><br>*Counter-Plaintiff,*<br><br>v.<br><br>Eakin Enterprises, Inc., a Washington corporation, and John W. Eakin, an individual<br><br>*Counter-Defendants*. | |

1          WHEREAS, the parties, through their respective counsel have met and discussed the
2    topics required by Federal Rule of Civil Procedure 26 and the Order Setting Mandatory
3    Scheduling Conference in this case; and
4          WHEREAS, the parties have agreed to streamline production pertaining to Electronically
5    Stored Information.
6          NOW THEREFORE, the parties, through their respective counsel, hereby agree to entry
7    of the following Stipulation and Order regarding E-Discovery:
8
9          1.     This Stipulation and Order supplements all other discovery rules and orders.  It
10   streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and
11   inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.
12         2.     This Stipulation and Order may be modified in the Court's discretion or by
13   agreement of the parties. The parties shall jointly submit any proposed modifications within 30
14   days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their
15   disagreements regarding these modifications, the parties shall submit their competing proposals
16   and a summary of their dispute.
17         3.     Costs will be shifted for disproportionate ESI production requests pursuant to
18   Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery
19   tactics will be cost-shifting considerations.
20         4.     A party's meaningful compliance with this Stipulation and Order and efforts to
21   promote efficiency and reduce costs will be considered in cost-shifting determinations.
22         5.     Absent a showing of good cause, general ESI production requests under Federal
23   Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of
24   this Court, shall not include metadata. However, fields showing the date and time that the
25   document was sent and received, as well as the complete distribution list, shall generally be
26   included in the production if such fields exist.
27         6.     Absent agreement of the parties or further order of this Court, the following
28   parameters shall apply to ESI production:

  A. <u>General Document Format</u>. Each electronic document shall be produced in multiple-page Portable Document Format ("PDF") format. PDF files shall have a resolution of 300 DPI. If readily available to the producing party, all PDF files shall conform to the PDF/A standardized version, but in all cases PDF files shall be self contained (including all content, fonts, and color information). All PDF files shall be named with a unique production number followed by the appropriate file extension. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

  B. <u>Text-Searchable Documents</u>. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, or if making the production text-searchable is readily available and convenient to the producing party, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

  C. <u>Footer</u>. Each page of every document shall contain a footer with a sequentially ascending production number.

  D. <u>Native Files</u>. Absent a showing of good cause, no party need produce a document in its native format to comply with its discovery obligations in the present case or to comply with a mandatory disclosure requirement of this Court. However, a party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format including a showing of why the document needs to be provided in its native format.

  E. <u>No Backup Restoration Required</u>. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    F. <u>Voice-mail and Mobile Devices</u>. Absent a showing of good cause, voice-mails, PDAs and mobile phones, and the information stored thereon are deemed not reasonably accessible and need not be collected and preserved.

  7. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include email, facsimile, or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

  8. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

  9. Email production requests shall be phased to occur after the parties have exchanged initial disclosures, a specific listing of likely email custodians in view of the pleaded claims and defenses, infringement contentions and accompanying documents, invalidity contentions and accompanying documents, and preliminary information relevant to damages, the exchange of which shall occur at the relevant times as required under the Federal Rules of Civil Procedure, Local Rules, by order of the Court, or by agreement of the parties. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

  10. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

  11. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant

to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

15. Except as expressly stated, nothing in this Stipulation and Order affects the parties' discovery obligations under the Federal or Local Rules.

1
2  Dated:  April 10, 2012                STRATTON LAW & MEDIATION P.S.

3                                        By  /s/ Rex B. Stratton
                                            Rex B. Stratton
4                                           *Attorneys for Plaintiff/Counter-Defendants*
                                            Eakin Enterprises, Inc. and John W. Eakin
5

6  Dated: April 10, 2012                 SIERRA IP LAW, PC

7                                        By  /s/ Mark D. Miller
                                            Mark D. Miller
8                                           *Attorneys for Defendant/Counter-Plaintiff*
                                            SPECIALTY SALES LLC
9

10
                                         **ORDER**
11

12  IT IS SO ORDERED.

13     Dated:  **April 16, 2012**                **/s/ Sheila K. Oberto**
14                                               UNITED STATES MAGISTRATE JUDGE

15
16
17
18
19
20
21
22
23
24
25
26
27
28

---
6
STIPULATION AND ORDER REGARDING E-DISCOVERY