UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAKIN ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPECIALTY SALES LLC, <br><br> Defendant. | 1:11-CV-02008-LJO-SKO <br><br> ORDER REQUESTING SUPPLEMENTAL FILINGS AND VACATING JUNE 7, 2012 HEARING |

This is a patent infringement case brought by Eakin Enterprises, Inc. ("Eakin Enterprises") against Specialty Sales LLC ("Specialty"). In Eakin Enterprises' first amended complaint ("FAC"), it alleges infringement of U.S. Patent No. 7,987,820 ("the '820 patent"), a violation of the Clayton Act, and violations of California's Unfair Practices Act and Unfair Competition Law. Specialty has filed a counter claim against Eakin Enterprises and John W. Eakin ("Mr. Eakin"). Before the Court for decision is Specialty's motion to dismiss Eakin Enterprises' patent infringement claim for failure to state a claim. In the alternative, Specialty seeks partial summary judgment as to Eakin Enterprises' patent infringement claim as well as on Specialty's counterclaim in which it seeks declaratory judgment regarding the invalidity of the '820 patent.

It appears likely that resolution of the pending motion may turn on a single set of facts: when "triggering events" (such as public use, offers for sale, sales, etc.) took place for the invention giving rise to the '820 patent. Documents filed earlier in this litigation suggested triggering events occurred <u>before</u> the "critical date" (i.e. one year prior to the filing date of the '820 patent application) of

1

November 21, 2007. See, e.g., Doc. 35 at ¶ 14. However, in opposition to the pending motion, Plaintiff's counsel submitted a declaration indicating that based upon a "review of the files and records of Eakin," the invention was first placed into service <u>after</u> November 21, 2007. Doc. 46 at ¶ 9. Specialty objects to this evidence as inadmissible because Plaintiff's counsel lacks personal knowledge of the facts to which he declares. Doc. 48 at 2.

Plaintiff shall respond to this evidentiary objection within five (5) days of electronic service of this order by filing a short legal memorandum, no more than five (5) pages in length, addressing the evidentiary issue and/or filing any additional declarations necessary to establish the relevant triggering dates. If Plaintiff elects to file additional declarations, Defendant shall have three (3) additional days from the filing of those declarations to raise any evidentiary objections thereto. Upon expiration of the above deadlines, the matter shall be deemed submitted on the papers for decision without oral argument pursuant to Local Rule 230(g). Accordingly, the hearing on the pending motion, currently set for June 7, 2012, is VACATED.

IT IS SO ORDERED.

Dated:  **June 4, 2012**                            /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE