**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAKIN ENTERPRISES, INC., | CASE NO. 1:11-cv-02008-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER ON REQUEST FOR STIPULATED PROTECTIVE ORDER** |
| SPECIALITY SALES LLC, | (Docket No. 63) |
| Defendant. | |
| _____ | |
| SPECIALITY SALES LLC, | |
| Counter-Plaintiff, | |
| v. | |
| EAKIN ENTERPRISES, INC., | |
| Counter-Defendant. | |
| _____/ | |

**I.   INTRODUCTION**

On July 13, 2012, the parties filed a stipulated confidentiality agreement and request for a protective order regarding confidential discovery materials. (Doc. 63.) The Court has reviewed the stipulation and request for a protective order and has determined that, in its current form, the Court cannot grant the request for a protective order. For the reasons set forth below, the Court DENIES without prejudice the parties' request.

## II. DISCUSSION

**A.     The Parties Fail to Comply with Local Rule 141.1**

The stipulation and proposed order do not comply with Local Rules of the United States District Court, Eastern District of California, Rule 141.1. Pursuant to Local Rule 141.1(c), any proposed order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The stipulation and proposed order fail to contain this required information.

**1.     The Parties' Description of the Type of Information Eligible for Protection Under the Proposed Protective Order Implies Additional Information Not Identified**

Under Local Rule 141.1(c)(1), the parties must provide "[a] description of the types of information eligible for protection under the order." Such information may be "provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." *Id*.

Here, the proposed protective order sets forth that "[d]isclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information in the nature of, but not limited to, non-published financial information, business plans, and strategies, marketing information, sales data, and customer lists for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted." (Doc. 63, ¶ 1.) As such, the parties' proposed protective order complies with Local Rule 141.1(c)(1) to the extent that it provides a general description of information that is eligible for protection. However, a review of the proposed protective order reveals that there is additional information contemplated by the parties that should be eligible for protection, including patents and patent applications. (*See*, *e.g.*, Doc. 63, ¶ 8.)

2

If the parties elect to submit a revised proposed protective order for the Court's further consideration and approval, which would be required before the Court could grant a protective order due to other deficiencies with this proposed order as described below, the parties may wish to amend the description of the type of information eligible for protection to identify any additional information that is not currently stated but that the parties seek to protect.

**2.     The Parties Fail to Show a Particularized Need for Protection**

Local Rule 141.1(c)(2) requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." The parties fail to show such a particularized need and simply state:

> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(Doc. 63, ¶ 5.1) This is far too broad and tenuous a category of information and provides no explanation as to why a particularized need for protection is required or what category of information is covered under the protective order.

**3.     The Parties Fail to Show Why the Need for Protection Should Be Addressed by Court Order**

Local Rule 141.1(c)(3) requires that the parties show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." The parties fail to address this requirement.

The Court can perhaps glean from the proposed protective order that the parties would like the ability to request that the Court rule on challenges to a party's confidentiality designation. (*See* Doc. 63, ¶ 6.3.) However, it is unclear how the Court could decide such a dispute since, as discussed above, the proposed protective order does not fully identify the types of information the parties seek to protect and fails to identify the need for such protection; therefore, no guidance has been given to the Court as to how such a dispute should be resolved.

**B.     The Parties' Stipulated Protective Order is Denied Without Prejudice**

The parties may refile a revised stipulation and proposed order for a protective order that comply with Local Rule 141.1(c) and correct the deficiencies set forth in this order

### III.     CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated request for a protective order (Doc. 63) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:     **July 20, 2012**                                    /s/ Sheila K. Oberto
                                                                                UNITED STATES MAGISTRATE JUDGE