REX B. STRATTON, WSBA No. 1913
STRATTON LAW & MEDIATION P.S.
18826 Robinwood Road SW
P.O. Box 636
Vashon, Washington 98070
Telephone:  206-408-7368
Facsimile:  206-260-3816
(*Pro Hac Vice*)

*Attorneys for Plaintiff and Counter-Defendants*
EAKIN ENTERPRISES, INC.
JOHN W. EAKIN

MARK D. MILLER, Ca. Bar No. 116349
SIERRA IP LAW PC
7030 N. Fruit Avenue, Suite 110
Fresno, CA  93711
Telephone: 559-436-3800
Facsimile: 559-436-4800

*Attorneys for Defendant*
SPECIALTY SALES LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| EAKIN ENTERPRISES, INC., a Washington corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SPECIALTY SALES LLC, a California limited liability company, <br><br> Defendant. <br><br> SPECIALITY SALES LLC, a California limited liability company, <br><br> Counter-Plaintiff, <br><br> vs. <br><br> EAKIN ENTERPRISES, INC., a Washington corporation, and JOHN W. EAKIN, an individual, <br><br> Counter-Defendants. | Case No.: 1:11-CV-02008-LJO-SKO <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT and ORDER** |

1.      **Purposes and Limitations**    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information in the nature of, but not limited to, non-published financial information, business plans, and strategies, marketing information, sales data, customer lists, products, formulas, schematics, equipment, inventions, and non-public patent applications and filings,  for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. These parties are in direct competition in a single, limited market, namely sale of formaldehyde to dairy farms for use in cattle foot baths.  Information as to which dairies are serviced and the cost of the product to those dairies is clearly confidential and should not be of public information or available to the other party.  Further, confidential technical information pertaining to developments, inventions, and improvement of a party should not be made available to the party or any attorney for such party which is involved in the prosecution of patent applications. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Confidentiality Agreement.  The parties acknowledge that this Agreement does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.4 below, that this Stipulated Confidentiality Agreement does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      **Definitions**

2.1      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Agreement.

2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  CONFIDENTIAL information is competitive trade secret information

of each party in the dairy and formaldehyde supply industries that should not be available to third parties, and includes agreements, general financial data, etc.

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel:  House counsel that seeks access to "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-PROSECUTION BAR" information in this matter.

2.5     Designating Party:  a Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-PROSECUTION BAR".

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a party's competitor.

2.8     "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items" not of a technical nature, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information is internal customer, supplier, cost and financial information particular to each party, that should not be available to the other party, or to third parties, including sales invoices, detailed financial records, purchase invoices, etc.

2.9     "HIGHLY CONFIDENTIAL-PROSECUTION BAR" Information or Items: extremely sensitive "Confidential Information or Items" of a technical nature, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. HIGHLY CONFIDENTIAL – PROSECUTION BAR information is information relating to new product or service developments, improvements or inventions developed by a party that may or may not be patentable, which is capable of being used by the other party in connection with a pending or future patent application and/or to compete with the developing party, that should not be available to the other party, or to third parties, and includes schematics, drawings, sketches, design documents, formulas, etc.

2.10    House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material:  any Disclosure or Discovery material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-PROSECUTION BAR".

STIPULATED CONFIDENTIALITY AGREEMENT -   CASE NO. 1:11-CV-02008-LJO-SKO

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    Competitive Decision Making: decision-making relating to any and all decisions made in light of or that take into account information regarding a competitor or potential competitor, including but not limited to such decisions regarding contracts, marketing, employment, pricing, product or service development or design, product or service offerings, research and development, or licensing, acquisition or enforcement of intellectual property rights (other than this action), including patent prosecution activities, provided, however, that this phrase shall be interpreted in accordance with the relevant case law.

**3.    Scope**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a)  any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    Duration**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

1   action, including the time limits for filing any motions or applications for extension of time

2   pursuant to applicable law.

3   **5.     Designating Protected Material**

4          5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party

5   or Non-Party that designates information or items for protection under this Order must take care

6   to limit any such designation to specific material that qualifies under the appropriate standards.

7   To the extent it is practical to do so, the Designating Party must designate for protection only

8   those parts of material, documents, items or oral or written communications that qualify – so that

9   other portions of the material, documents, items, or communications for which protection is not

10  warranted are not swept unjustifiably within the ambit of this Order.

11         Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

12  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

13  unnecessarily encumber or retard the case development process or to impose unnecessary

14  expenses and burdens on other parties) expose the Designating Party to sanctions.

15         If it comes to a Designating Party's attention that information or items that it designated

16  for protection do not qualify for protection at all or do not qualify for the level of protection

17  initially asserted, that Designating Party must promptly notify all other Parties that it is

18  withdrawing the mistaken designation.

19         5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order

20  (see e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

21  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

22  designated before the material is disclosed or produced.

23         Designation in conformity with this Order requires:

24         (a)     for information in documentary form (e.g., paper or electronic documents, but

25  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

26  Party affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

27  ONLY", or "HIGHLY CONFIDENTIAL-PROSECUTION BAR"  to each page that contains the

28  protected material.  If only a portion or portions of the material on a page qualifies for protection,

the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. If the entirety of the material qualifies for protection, the Producing Party may, as an alternative to affixing the legend on each page, affix the legend on the first page of the material along with an indication that the entire material qualifies for protection, along with the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed either "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", if not of a technical nature, or "HIGHLY CONFIDENTIAL-PROSECUTION BAR", if of a technical nature.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-PROSECUTION BAR") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceedings, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

1   which protection is sought and to specify the level of protection being asserted.  Only those

2   portions of the testimony that are appropriately designated for protection within the 21 days shall

3   be covered by the provisions of this Stipulated Confidentiality Agreement.  Alternatively, a

4   Designating Party may specify, at the deposition or up to 21 days afterwards if that period is

5   properly invoked, that the entire transcript or portions thereof shall be treated as

6   "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or

7   "HIGHLY CONFIDENTIAL-PROSECUTION BAR".

8        Parties shall give the other parties notice if they reasonably expect a deposition, hearing,

9   or other proceeding to include Protected Material so that the other parties can ensure that only

10  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

11  (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

12  shall not in any way affect its designation as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-

13  ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-PROSECUTION BAR".

14       Transcripts containing Protected Material shall have an obvious legend on the title page

15  that the transcript contains Protected Material, and the title page shall be followed by a list of all

16  pages (including line numbers as appropriate) that have been designated as Protected Material

17  and the level of protection being asserted by the Designating Party.  The Designating Party shall

18  inform the court reporter of these requirements.  Any transcript that is prepared before the

19  expiration of a 21-day period for designation shall be treated during that period as if it had been

20  designated in its entirety as either "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY",

21  if not of a technical nature, or "HIGHLY CONFIDENTIAL-PROSECUTION BAR", if of a

22  technical nature, unless otherwise agreed.  After the expiration of that period, the transcript shall

23  be treated only as actually designated.

24       (c)    for information produced in some form other than documentary and for any other

25  tangible items, that the Producing Party affix in a prominent place on the exterior of the

26  container or containers in which the information or item is stored the legend

27  "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or

28  "HIGHLY CONFIDENTIAL-PROSECUTION BAR".  If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     Challenging Confidentiality Designations**

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Confidentiality Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 230 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements, or that the Designating Party is unwilling to participate in the meet and confer process, imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     Access to and Use of Protected Material**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Confidentiality Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, which necessarily includes but is not limited to counsel that advises or participates in prosecuting patent applications and counsel that advises or participates in any or all of the client's decisions (relating to pricing, product design, etc.) made in light of similar or corresponding information about a competitor, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Disclosure of "HIGHLY CONFIDENTIAL-PROSECUTION BAR" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-PROSECUTION BAR" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, *provided however*, that no individual shall receive disclosure of "HIGHLY CONFIDENTIAL-PROSECUTION BAR" information or items, either directly or indirectly (e.g. through an Expert), if such person is involved in the prosecution of patents asserted in this action or any patent or application claiming priority to or otherwise related to the patents asserted in this action (including without limitation parents, continuations, continuations-in-part, divisionals, reissues, and re-examinations);

(b)     Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, which necessarily includes but is not limited to counsel that advises or participates in prosecuting patent applications and counsel that advises or participates in any or all of the client's decisions (relating to pricing, product design, etc.) made in light of similar or corresponding information about a competitor, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d)     the court and its personnel;

1     (e)     court reporters and their staff, professional jury or trial consultants, and

2  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

3  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

4     (f)     the author or recipient of a document containing the information or a custodian or

5  other person who otherwise possessed or knew the information.

6     7.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY

7  CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-

8  PROSECUTION BAR" Information or Items to Designated House Counsel or Experts.

9     (a)(1)   Unless otherwise ordered by the court or agreed to in writing by the Designating

10  Party, a Party that seeks to disclose to Designated House Counsel any information or item that

11  has been designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to

12  paragraph 7.3(b) or "HIGHLY CONFIDENTIAL-PROSECUTION BAR" pursuant to paragraph

13  7.4(b) first must make a written request to the Designating Party that (1) sets forth the full name

14  of the Designated House Counsel and the city and state of his or her residence and (2) describes

15  the Designated House Counsel's current and reasonably foreseeable future primary job duties

16  and responsibilities in sufficient detail to determine if House Counsel is involved, or may

17  become involved, in any competitive decision-making.

18     (a)(2)   Unless otherwise ordered by the court or agreed to in writing by the Designating

19  Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or

20  item that has been designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"

21  pursuant to paragraph 7.3(c) or "HIGHLY CONFIDENTIAL-PROSECUTION BAR" pursuant

22  to paragraph 7.4(c) first must make a written request to the Designating Party that (1) identifies

23  the general category of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or

24  "HIGHLY CONFIDENTIAL-PROSECUTION BAR" information that the Receiving Party

25  seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city

26  and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

27  identifies the Expert's current employer(s), (5) identifies each person or entity from whom the

28  Expert has received compensation or funding for work in his or her areas of expertise or to

whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

STIPULATED CONFIDENTIALITY AGREEMENT -  CASE NO. 1:11-CV-02008-LJO-SKO

(under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

**8.    Prosecution Bar**

Absent written consent from the Producing Party, any individual who receives access to 'HIGHLY CONFIDENTIAL-PROSECUTION BAR" information shall not be involved in the prosecution of patents or patent applications relating to the same content as the within action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action (including without limitation parents, continuations, continuations-in-part, divisionals, reissues, and re-examinations), before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2]  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes reexamination*).  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL-PROSECUTION BAR" information is first received by the affected individual and shall end two (2) years after final termination of this action.

**9.    Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-PROSECUTION BAR", that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to

this Confidentiality Agreement and Order.  Such notification shall include a copy of this Stipulated Confidentiality Agreement and Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a confidentiality order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-PROSECUTION BAR"  before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.      A Non-Party's Protected Material Sought to be Produced in this Litigation**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-PROSECUTION BAR".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

---

[2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Confidentiality Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Confidentiality Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a confidentiality order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a confidentiality order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.      Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Confidentiality Agreement and Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.      Inadvertent Production of Privileged or Otherwise Protected Material**

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated confidentiality order submitted to the court.

**13.    Miscellaneous**

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek modification by the court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Confidentiality Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Confidentiality Agreement.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Confidentiality Order.

13.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  A sealing order will issue only upon a request establishing that good cause exists to seal the Protected Material.  If a Receiving Party's request to file Protected Material under seal pursuant to the Local Rules is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to the Local Rules unless otherwise instructed by the court.

**14.    Final Disposition**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Agreement as set forth in Section 4 (DURATION).


IT IS SO STIPULATED AND AGREED, THROUGH COUNSEL OF RECORD.


Dated:  August 2, 2012                STRATTON LAW & MEDIATION P.S.

                                      By  */s/ Rex B. Stratton*
                                      Rex B. Stratton
                                      *Attorneys for Plaintiff/Counter-Defendants*
                                      Eakin Enterprises, Inc. and John W. Eakin


Dated: August 2, 2012                 SIERRA IP LAW, PC

                                      By  /s/ Mark D. Miller
                                      Mark D. Miller
                                      *Attorneys for Defendant/Counter-Plaintiff*
                                      SPECIALTY SALES LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>ORDER</u>**

The parties' stipulated confidentiality agreement is approved by the Court.

IT IS SO ORDERED.

Dated:   **August 2, 2012**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

STIPULATED CONFIDENTIALITY AGREEMENT -  CASE NO. 1:11-CV-02008-LJO-SKO

EXHIBIT A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Agreement and Order that was issued by the United States District Court for the Eastern District of California on _____, in the case of *Eakin Enterprises, Inc. v. Specialty Sales LLC*.  I agree to comply with and to be bound by all the terms of this Stipulated Confidentiality Agreement and Order thereon, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Confidentiality Agreement and Order thereon to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Confidentiality Agreement and Order thereon, even if such enforcement proceedings occur after termination of this action.

Date:_____     By:_____